UNITED STATES DISTRICT COURT

DISTRICT OF NEW JERSEY

| | | |
|---|---|---|
| **USAA CASUALTY INSURANCE COMPANY,** | : : : | Civil Action No. 17-7454 (JMV) |
| Plaintiff, | : : | |
| v. | : : : | **REPORT & RECOMMENDATION** |
| **CIT BANK, N.A.,** | : : | |
| Defendant. | : : | |

**CLARK, Magistrate Judge**

**THIS MATTER** comes before the Court on a motion by Plaintiff USAA Casualty Insurance Company ("USAA" or "Plaintiff") to remand this matter to New Jersey Superior Court, Bergen County, Chancery Division [ECF No. 4]. Defendant CIT Bank, N.A. ("CIT Bank" or "Defendant") opposes Plaintiff's motion [ECF No. 9]. Pursuant to Local Civil Rule 72.1(a)(2), the Honorable John Michael Vazquez, U.S.D.J., referred the present Motion to the undersigned for Report and Recommendation. Having considered the parties' written submissions pursuant to Federal Rule of Civil Procedure 78, for good cause shown and for the reasons set forth herein, it is respectfully recommended that Plaintiff's motion to remand be **DENIED**.

**I.    BACKGROUND**

Plaintiff filed the instant action in the Superior Court of New Jersey, Bergen County, Chancery Division, on August 22, 2017 seeking, *inter alia*, injunctive relief and monetary damages in connection with oil contamination located on Defendant's property. *See generally* Complaint, ECF No. 1-1 ("Compl.").

1

As set forth in the Complaint, Plaintiff is a Texas corporation authorized to conduct business in the state of New Jersey. *Id.* ¶ 1. Plaintiff's insured, Karen Schuitema, owns the property located at 21 Somerville Street, Rochelle Park, New Jersey 07662 (the "Schuitema Property"). *Id.* ¶ 7. Defendant owns the property immediately adjacent to the Schuitema Property located at 25 Somerville Street, Rochelle Park, New Jersey 07662 (the "CIT Property"). *Id.* ¶ 6. On February 22, 2007, a 275-gallon underground oil storage tank was removed from the Schuitema Property. After a thorough investigation it was determined that oil leaking from the storage tank caused soil and groundwater contamination. *Id.* ¶ 9. As a result, USAA expended more than $800,000 remediating the Schuitema Property. *Id.* ¶ 10.

Sometime after remediating the Schuitema Property, Plaintiff alleges that it learned of a similar fuel oil contamination located on the CIT Property, which resulted from a separate leaking underground oil storage tank located on the CIT Property. *Id.* ¶ 12. Although part of the CIT Property was remediated, Plaintiff alleges that the contamination located around the foundation of the CIT Property has not been addressed or otherwise remediated. *Id.* ¶ 14.

Prior to the initiation of this action, Plaintiff alleges that two injection wells, located on the CIT Property and the property line between the CIT and Schuitema properties, showed evidence of petroleum oil contamination. *Id.* ¶¶ 16, 18. According to Plaintiff, the existence of this contamination on the borderline of the parties' properties suggests that the contamination has migrated from the CIT Property to the Schuitema Property, thereby causing damages to the Schuitema Property. *Id.* ¶ 19.

On September 25, 2017, Defendant removed this action to this Court pursuant to 28 U.S.C §1441, citing this Court's federal diversity jurisdiction under 28 U.S.C § 1332(a). *See* Notice of Removal, ECF No. 1 ("NOR"). Although Plaintiff's Complaint does not contain a specified

amount of damages, Defendant contends that removal is proper because the parties are diverse and because the amount in controversy exceeds $75,000. *See Id*. On October 11, 2017, Plaintiff filed the instant motion to remand this matter to state court, asserting that the amount in controversy does not exceed the jurisdictional threshold of $75,000. *See* Pl. Mot. to Remand, ECF No. 4.

## II.  LEGAL STANDARD

A civil action brought in state court may be removed by the defendant to a federal district court if the district court has original jurisdiction over the claim. 28 U.S.C. § 1441(a); *see also Samuel–Bassett v. Kia Motors Am.,* 357 F.3d 392, 398 (3d Cir. 2004). Federal district courts have original jurisdiction on the basis of diversity of citizenship where: (1) the matter in controversy exceeds the sum or value of $75,000; and (2) there is diversity of citizenship between each plaintiff and each defendant in the case. *See, e.g., Kaufman v. Allstate N.J. Ins. Co.*, 561 F.3d 144, 148 (3d Cir. 2009) (citing 28 U.S.C. § 1332(a)(1)). Under § 1332(a)(1), "the party asserting federal jurisdiction in a removal case bears the burden of showing, at all stages of the litigation, that the case is properly before the federal court." *Frederico v. Home Depot,* 507 F.3d 188, 193 (3d Cir. 2007) (citing *Samuel–Bassett*, 357 F.3d at 396); *Morgan v. Gay,* 471 F.3d 469, 473 (3d Cir. 2006). Any doubts must be resolved in favor of remand. *Samuel–Basset,* 357 F.3d at 403.

The parties do not dispute that complete diversity exists. Plaintiff is a corporation organized under Texas law, licensed to conduct business in New Jersey, with its principal place of business in Texas. Compl. ¶ 1. Defendant is a national association, organized and existing under the National Bank Act, 12 U.S.C. 38, with its principal place of business in California. *Id*. ¶ 2. Accordingly, because the Court is satisfied that there is complete diversity between the parties, subject matter jurisdiction turns on whether the amount in controversy exceeds $75,000.

"The Third Circuit has provided a 'roadmap' for evaluating whether a case removed from state court should be remanded because the amount in controversy does not exceed $75,000." *Venuto v. Atlantis Motor Grp., LLC*, No. CV173363RBKKMW, 2017 WL 4570283, at *2 (D.N.J. Oct. 13, 2017) (citing *Frederico*, 507 F.3d at 196). First, if the parties dispute jurisdictional facts, the party carrying the burden of proof must establish federal jurisdiction by a preponderance of the evidence. *Frederico*, 507 F.3d at 194 (citing *McNutt v. Gen. Motors Acceptance Corp.*, 298 U.S. 178 (1936)). Even if jurisdictional facts are not expressly in dispute, a "court may still insist that the jurisdictional facts be established or the case be dismissed, and for that purpose the court may demand that the party alleging jurisdiction justify his allegations by a preponderance of the evidence." *McNutt*, 298 U.S. at 189.

Second, if jurisdictional facts are not in dispute, or the court is satisfied with the sufficiency of the jurisdictional proof, the analysis turns to whether the jurisdictional amount is met with "legal certainty." *Frederico*, 507 F.3d at 196. The legal certainty test has two alternative strands. *Id.* If the complaint "specifically avers that the amount sought is less than the jurisdictional minimum," a defendant "seeking removal must prove to a legal certainty that [the] plaintiff can recover the jurisdictional amount." *Id.* at 196–97 (relying on *Morgan*, 471 F.3d at 469). A plaintiff is entitled to this deferential standard only if the complaint "specifically (and not impliedly) and precisely (and not inferentially) states that the amount sought" shall not exceed the jurisdictional minimum. *Id.* at 196. Alternatively, if the "plaintiff has not specifically averred in the complaint that the amount in controversy is less than the jurisdictional minimum," then "the case must be remanded if it appears to a legal certainty that the plaintiff *cannot* recover the jurisdictional amount." *Id.* at 197 (emphasis in original) (relying on *Samuel–Bassett*, 357 F.3d at 392).

**III.   DISCUSSION**

Here, the parties do not dispute the jurisdictional facts and Plaintiff's Complaint does not explicitly limit its claims to an amount less than $75,000. Accordingly, this matter must be remanded if it appears to a "legal certainty" that Plaintiff cannot recover the requisite jurisdictional amount. *Frederico*, 507 F.3d at 197. Determining whether it is legally certain that Plaintiff's claims cannot result in recovery in excess of $75,000 requires an analysis of the recoverable damages under the claims set forth in the Complaint. Although not quantified, Plaintiff's Complaint seeks relief in the following categories: (1) injunctive relief; (2) statutory damages under the NJSA; (3) monetary damages; and (4) attorney's fees, consultant's fees and costs.

Plaintiff argues that the Court should remand this case because Defendant has failed to demonstrate that Plaintiff's claims exceed the $75,000 jurisdictional amount required for removal. Specifically, Plaintiff argues that the Schuitema Property was not contaminated at the time the Complaint in this matter was filed. *See* Pl.'s Mot. at 3. Plaintiff maintains that if the contamination migrates onto the Schuitema Property, it would likely be relatively small and would not require more than $75,000 to remediate. *Id*. Plaintiff also points out that its Complaint primarily seeks injunctive relief and not monetary damages. *Id*. at 4.

In opposition, Defendant argues that the amount in controversy exceeds $75.000. Central to Defendant's argument is the proposition that the Court, in determining the amount in controversy, should consider "a reasonable reading of the value of the rights being litigated." Def.'s Br., ECF No. 9 at 3 (quoting *Angus v. Shiley,* 989 F.2d 142, 146 (3d Cir. 1993)). Based on this premise, Defendant advances several reasons why the amount in controversy is satisfied. Initially, Defendant asserts that the value of Plaintiff's injunctive relief exceeds $75,000. To this point, Defendant asserts that an expert has estimated that it would cost upward of $55,000 to

conduct a complete environmental investigation to address the continued migration of contamination from the CIT Property to the Schuitema Property. Def.'s Br. at 3. In addition, Defendant asserts that if the investigation reveals that the CIT property is causing contamination to flow onto the Schuitema Property, environmental remediation and erection of an impervious barrier would come at an additional cost which often exceeds $75,000. *See Id*. at 4.

Next, Defendant argues that Plaintiff's monetary damages exceed the jurisdictional minimum. In particular, Defendant notes that Plaintiff seeks an unspecified amount of monetary damages, including: (1) Defendant's proportionate share of the complete cost of investigation and remediation of the soil and ground water on the Schuitema Property, (2) attorney's fees, (3) consultant fees, and (4) other expenses. Because Plaintiff has already admitted to expending more than $800,000 to remediate contamination on the Schuitema Property, Defendant contends that even a moderate estimate of liability would raise Plaintiff's claims above the jurisdictional limit. *Id*. For example, if Defendant were found to be liable for a tenth of the remediation, Defendant would likely be responsible for approximately $80,000 in cleanup costs. In sum, Defendant asserts that the cost of Plaintiff's injunctive relief and monetary damages exceeds $75,000 and thereby satisfies the amount in controversy under § 1332(a).

In its reply, Plaintiff asserts that "Defendant's entire opposition to this Motion is premised exclusively on the cost that the Defendant will incur in coming into compliance with Plaintiff's claim for injunctive relief." Pl.'s Reply Br. at 2, ECF No. 10. In addition, Plaintiff argues that there is no evidence that that contamination has actually migrated onto the Schuitema Property. *Id*. at 3. Rather, Plaintiff contends that there is overwhelming evidence that contamination is only moving in the direction of the Schuitema Property. *Id*. Therefore, Plaintiff argues that the relief it requests is relatively small and would not require more than $75,000 to remediate. *Id*.

Defendant invoked federal jurisdiction when it removed this action from state court. Accordingly, it is Defendant's burden to establish that the amount in controversy is satisfied. *Frederico*, 507 F.3d at 193. "The general federal rule is to decide the amount in controversy from the complaint itself." *Angus*, 989 F.2d at 145 (citing *Horton v. Liberty Mutual Ins. Co.*, 367 U.S. 348, 353, 81 S.Ct. 1570, 6 L.Ed.2d 890 (1961)). Although Plaintiff's Complaint does not set forth a value for its claims, the Supreme Court and Third Circuit also have instructed that the amount in controversy should be measured by "a reasonable reading of the value of the rights being litigated." *Id.* at 146 (citations omitted). Additionally, the Supreme Court has held "[i]n an action seeking declaratory or injunctive relief, it is well established that the amount in controversy is measured by the value of the object of the litigation." *Hunt v. Wash. State Apple Advert. Comm'n*, 432 U.S. 333, 347, 97 S.Ct. 2434, 53 L.Ed.2d 383 (1977).

As noted, Defendant argues that Plaintiff's injunctive relief claim exceeds the jurisdictional minimum. Defendant argues that environmental remediation is costly and often exceed $75,000. Def.'s Br. at 4. In support of its argument, Defendant claims that an expert has estimated that it would cost upward of $55,000 to conduct an environmental review. In addition, Defendant claims that environmental remediation and the erection of an impervious barrier would be an additional cost. In opposition, Plaintiff correctly asserts that Defendant's cost of compliance should not be considered in determining the amount in controversy. Third Circuit has consistently instructed that the defendant's costs are not a proper consideration. *See Columbia Gas Transmission Corp. v. Tarbuck*, 62 F.3d 538, 539 (3d Cir. 1995) (in an action seeking injunctive relief, the amount in controversy is determined "by the value of the rights which the plaintiff seeks to protect"); *John B. Kelly Inc. v. Lehigh Nav. Coal Co.*, 151 F.2d 743, 747 (3d Cir.1945) (holding that amount in controversy is calculated by value of the property to plaintiff). Therefore, the Third Circuit caselaw

7

makes clear that the value of the litigation to Defendant, or the costs that Defendant faces should Plaintiff prevail, are not proper consideration for this Court in determining the amount in controversy.

As stated above, in an action seeking injunctive relief, the amount in controversy is measured by the value of the object of the litigation. *Hunt*, 432 U.S. at 347. Here, the primary purpose of Plaintiff's law suit is to enjoin Defendant to prevent the continued migration of petroleum hydrocarbon contamination from the CIT Property to the Schuitema Property. Compl. ¶ 2. Therefore, the object of the litigation is the Schuitema Property which Plaintiff seeks to protect. The value of such equitable relief is equivalent to, "the value of the property right sought to be protected against the alleged interference." *United Seating & Mobility, LLC. v. Homen*, No. 4:05CV2208JCH, 2006 WL 473739, at *2 (E.D. Mo. Feb. 28, 2006) (citations omitted). In other words, the right is definable as Plaintiff's entitlement to own and enjoy the Schuitema Property free of contamination.

To determine the value of the Schuitema Property, the Court looks to Plaintiff's declaration in its Complaint. In the Complaint, Plaintiff alleges that it has expended more than $800,000 remediating the Schuitema Property after a leak in an underground oil storage tank caused soil and groundwater contamination. Compl. ¶¶ 8-10. Plaintiff further alleges that a similar leak is located on the CIT Property, which is immediately adjacent to the Schuitema Property. *Id*. ¶ 7. Unless the Defendant remediates the CIT Property or installs an impervious barrier between the properties, Plaintiff alleges that the contamination will continue to migrate and will *re-contaminate* the previously remediated areas of the Schuitema Property. *Id*. ¶ 20 (emphasis added). Based on Plaintiff's own declaration, the purpose of the injunction is to prevent the re-contamination of the Schuitema Property, for which Plaintiff has already spent more than $800,000 to remediate.

Because Plaintiff's injunction seeks to prevent the same type of damage that already cost Plaintiff more than $800,000, it is clear that the value of Plaintiff's injunction is likely well beyond the jurisdictional minimum. Accordingly, this Court is precluded from saying "to a legal certainty" that Plaintiff cannot recover the requisite jurisdictional amount, and therefore this Court shall maintain jurisdiction over this matter.[1]

## IV. CONCLUSION

In light of the foregoing, and the Court having considered this matter pursuant to Fed. R. Civ. P. 78;

**IT IS** on this 15th day of May, 2018,

**RECOMMENDED** that Plaintiff's motion to remand [ECF No. 4] be **DENIED**; and it is further

**ORDERED** that pursuant to L. Civ. R. 72.1 and Fed. R. Civ. P. 72, objections to this Report and Recommendation shall be filed within fourteen (14) days after service hereof. Any party may respond to another party's objections within fourteen (14) days after being served with a copy thereof.  The Clerk of Court is directed to serve the parties with electronic notice upon filing this Report and Recommendation.

s/James B. Clark, III<br>
**HONORABLE JAMES B. CLARK, III**<br>
**UNITED STATES MAGISTRATE JUDGE**

---

[1] In addition to the injunctive relief, Plaintiff also sought monetary damages. Because the Court finds that the value of Plaintiff's injunctive relief is sufficient to establish the requisite amount controversy, the Court will not address those claims.

9