**Not for Publication**

UNITED STATES DISTRICT COURT
DISTRICT OF NEW JERSEY

| | |
|---|---|
| USAA CASUALTY INSURANCE COMPANY, *as subrogee of Karen Schuitema*,<br><br>*Plaintiff*,<br><br>v.<br><br>CIT BANK, N.A., *formerly known as One West Bank, N.A.*,<br><br>*Defendant*. | Civil Action No. 17-7454 (JMV) (JBC)<br><br>**OPINION AND ORDER** |

**John Michael Vazquez, U.S.D.J.**

This matter comes before this Court on the May 15, 2018 Report and Recommendation ("R&R") of Magistrate Judge James B. Clark. D.E. 11. The R&R addressed a motion made by Plaintiff USAA Casualty Insurance Company ("USAA" or "Plaintiff") to remand this case back to New Jersey Superior Court, Bergen County, Chancery Division. D.E. 4. Defendant CIT Bank, N.A. ("CIT Bank" or "Defendant") opposes Plaintiff's motion. D.E. 9. The R&R recommends that Plaintiff's motion to remand be denied. D.E. 11. The Court reviewed all relevant documents and submissions,[1] and for the reasons stated below, the Court adopts the R&R (D.E. 11) in its entirety. Accordingly, Plaintiff's motion to remand is **DENIED**.

---

[1] The Court reviewed the following documents: Plaintiff's Complaint (D.E. 1), Plaintiff's motion to remand (D.E. 4), Defendant's Answer (D.E. 5), Defendant's opposition (D.E. 9), Plaintiff's reply (D.E. 10), and Judge Clark's Report and Recommendation (D.E. 11).

## I. FACTUAL BACKGROUND

The factual details of this dispute are explained in detail in the R&R. D.E. 11. In sum, Plaintiff seeks injunctive relief and monetary damages related to oil contamination located on Defendant's property. Plaintiff claims that the oil contamination has migrated to Plaintiff's insured's property, which adjoins Defendant's property.

## II. PROCEDURAL HISTORY

On August 22, 2017, Plaintiff filed this suit in the Superior Court of New Jersey, Bergen County, Chancery Division. D.E. 1-1 ("Complaint"). On September 25, 2017, Defendant removed the suit to this Court pursuant to 28 U.S.C. § 1441, claiming diversity jurisdiction under 28 U.S.C. § 1332(a). D.E. 1. On October 11, 2017, Plaintiff filed a motion to remand. D.E. 4. Defendant filed a brief in opposition, D.E. 9, to which Plaintiff replied, D.E. 10. Judge Clark issued his R&R on May 15, 2018. D.E. 11. On May 25, 2018, Plaintiff filed a letter stating that it does not intend to file an objection to the R&R. D.E. 12.

## III. LEGAL STANDARD

Local Civil Rule 72.1(c)(2) allows a party to object to a Magistrate Judge's report and recommendation within 14 days of service. The district court "shall make a *de novo* determination of those portions to which objection is made and may accept, reject, or modify, in whole or in part, the findings or recommendations made by the Magistrate Judge." L. Civ. R. 72.1(c)(2); *see Edelson V., L.P. v. Encore Networks, Inc.*, No. 11-5802, 2012 WL 4891695, at *2 (D.N.J. Oct. 12, 2012). The district court "need not normally conduct a new hearing and may consider the record developed before the Magistrate Judge, making his or her own determination on the basis of that record." L. Civ. R. 72.1(c)(2); *see Edelson*, 2012 WL 4891695, at *2. "As to uncontested portions of the report, the district court has discretion to choose an appropriate standard of review. At a

minimum, what is not objected to, the district court reviews under the plain error or manifest injustice standard." *Edelson*, No. 11-5802, 2012 WL 4891695, at *3 (internal quotations, citations, and brackets omitted). "[W]here no objections are made in regard to a report or parts thereof, the district court will adopt the report and accept the recommendation if it is 'satisf[ied] . . . that there is no clear error on the face of the record.'" *Sportscare of Am., P.C. v. Multiplan, Inc.*, No. 10-4414, 2011 WL 500195, at *1 (D.N.J. Feb. 10, 2011) (quoting Fed.R.Civ.P. 72 Advisory Committee's Notes).

## IV. ANALYSIS

An action brought in state court may be removed to federal district court by the defendant only if the district court has original jurisdiction over the plaintiff's claims. 28 U.S.C. § 1441(a). Federal district courts possess original jurisdiction over a matter based on diversity of citizenship if there is complete diversity and the matter in controversy exceeds the sum or value of $75,000. *See, e.g., Kaufman v. Allstate N.J. Ins. Co.*, 561 F.3d 144, 148 (3d Cir. 2009) (citing 28 U.S.C. § 1332(a)(1)). When an action is removed to federal court pursuant to 28 U.S.C. § 1441, the removing party bears the burden of showing that federal subject matter jurisdiction exists. *Concepcion v. CFG Health Sys. LLC*, No. 13-02081, 2013 WL 5952042, at *2 (D.N.J. Nov. 6, 2013) (citations omitted). "The removal statute is strictly construed against removal and all doubts are to be resolved in favor of remand." *Id.* (citations omitted).

Here, the parties do not dispute that complete diversity exists. R&R at 3. Accordingly, Judge Clark focused on whether the amount in controversy exceeds $75,000 and found that the jurisdictional minimum has been met. Reasoning that Plaintiff has already spent $800,000 to remediate its insured's property, and because the purpose of the suit is to prevent the re-contamination of the same property, Judge Clark found that "[b]ecause Plaintiff's injunction seeks

3

to prevent the same type of damage that already cost Plaintiff more than $800,000, it is clear that the value of Plaintiff's injunction is likely well beyond the jurisdictional minimum." *Id.* at 8-9. Therefore, the R&R recommends that this Court should retain jurisdiction over the matter. *Id.* at 9.

Neither the Plaintiff nor Defendant object to the R&R's conclusion. *See* D.E. 12. The Court is satisfied that there is no clear error on the face of the record. Accordingly, after reviewing Judge Clark's recommendation, and finding that it is not clearly erroneous or manifestly unjust, the Court adopts Judge Clark's recommendation to deny Plaintiff's motion to remand. *See Sportscare of Am., P.C. v. Multiplan, Inc.*, No. 10-4414, 2011 WL 500195, at *1 (D.N.J. Feb. 10, 2011) ("[W]here no objections are made in regard to a report or parts thereof, the district court will adopt the report and accept the recommendation if it is 'satisf[ied] . . . that there is no clear error on the face of the record.'" (quoting Fed.R.Civ.P. 72 Advisory Committee's Notes)).

## V. CONCLUSION AND ORDER

For the foregoing reasons, and for good cause shown,

**IT IS** on this 30th day of May, 2018,

**ORDERED** that the Court adopts the Report and Recommendation (D.E. 11) in its entirety; and it is further

**ORDERED** that Plaintiff's motion to remand (D.E. 4) is **DENIED**.

Dated: May 30, 2018

                                                 John Michael Vazquez, U.S.D.J.